United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 8, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30465
Summary Calendar

FRANK ROGER HORNSBY,

Plaintiff-Appellant,

versus

ENTERPRISE PRODUCTS COMPANY; ET AL

Defendants

ENTERPRISE PRODUCTS COMPANY

Defendant-Appellee

--------------------
Appeal from the United States District Court
For the Middle District of Louisiana, Baton Rouge
3:97-CV-237-B
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Frank Roger Hornsby ("Hornsby") appeals

from a bench trial in which the district court denied relief on

his age and gender discrimination in employment claims against

Defendant-Appellee Enterprise Products Company ("Enterprise").

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

The district court found that Hornsby "failed to prove that Enterprise's articulated reasons for its actions are false or that sex and/or age discrimination was actually the motivating factor for its employment decision." The district court also found that Enterprise provided a legitimate, non-discriminatory reason for terminating Hornsby.

"The standard of review for a bench trial is well established: findings of fact are reviewed for clear error and legal issues are reviewed de novo." *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 601 (5th Cir. 2000).

There is ample evidence in the record to support the view that Hornsby was fired for his inappropriate and unwarranted threat of his fellow employee. Enterprise presented evidence that Hornsby telephoned a subordinate, Deborah Craft ("Craft"), and threatened her after learning that her scheduled vacation would prevent him from taking vacation at the time which he had scheduled. Hornsby denied threatening Craft, but he admitted that he had called her, that he was upset about the vacation situation, and that he had been drinking prior to making the phone call.

In addition to his phone call to Craft, Hornsby had also previously called a different employee, Karen Ayo, and made statements which upset her.

Because the record supports the district court's finding

that Enterprise fired Hornsby for a legitimate, non-discriminatory reason, we find that the district court did not err in holding that Hornsby's claims were without merit. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141-43 (2000).

We therefore reject all arguments presented by Appellant Hornsby and AFFIRM the judgment of the district court.